**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PATRICINIO GRAMAJO DE LEON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-783-G** |
| | ) | |
| **MARKWAYNE MULLIN,**<br>**Secretary, U.S. Department**<br>**of Homeland Security, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

On April 13, 2026, Petitioner Patricinio Gramajo De Leon filed a Petition for Writ of Habeas Corpus (Doc. No. 1) challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241.

Now before the Court is Respondents' Motion to Dismiss (Doc. No. 8).[1] Petitioner has filed a Response (Doc. No. 11), and Respondents have replied (Doc. No. 12).

*I. Background*

Petitioner is a citizen of Guatemala who entered the United States prior to July 1999. *See* Pet. ¶¶ 1, 17, 47. On or about March 31, 2026, Petitioner was arrested at a gas station and taken into ICE custody. *Id.* ¶ 48. The Department of Homeland Security subsequently charged Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* ¶¶ 49-50.

Petitioner has since been detained by ICE without receiving a bond hearing or

[1] The appearing Respondents are Secretary Mullin, United States Attorney General Todd Blanche, and Robert Cerna, ICE Dallas Field Office Director of Enforcement and Removal Operations.

judicial review. *Id.* ¶ 53. He alleges that his continued detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1101 et seq., and his due process rights under the Fifth Amendment. *See* Pet. ¶¶ 54-66.

### II. *Respondents' Motion to Dismiss*

The Petition alleges that Petitioner "currently is detained" at the Cimarron Correctional Facility ("CCF") in Cushing, Oklahoma. Pet. ¶¶ 2, 10, 13. CCF lies within the territorial jurisdiction of the Western District of Oklahoma. *See* 28 U.S.C. § 116(c).

Respondents argue that dismissal or, alternatively, transfer of this proceeding is required because Petitioner was no longer housed at CCF when the Petition was filed. *See* Resp'ts' Mot. to Dismiss at 2-4.

The undisputed record reflects that on the Petition's filing date of April 13, 2026:

- At 9:23 a.m., Petitioner was booked out of CCF. Ortiz Decl. ¶ 5 (Doc. No. 8-2).
- At 2:01 p.m., the Petition was entered on the Court docket and this habeas action opened. *See* Doc. No. 1 (Notice of Electronic Filing).[2]
- At 11:20 p.m., Petitioner was booked into Karnes County Immigration Processing Center ("KCIPC") in Karnes City, Texas. Ortiz Dec. ¶ 6.

Petitioner remains housed at KCIPC. *See* Doc. No. 12-1. KCIPC lies in the territorial jurisdiction of the Western District of Texas. *See* 28 U.S.C. § 124(d)(4).

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). In *Rumsfeld v. Padilla*, the Supreme Court explained that "[w]henever a § 2241 habeas petitioner seeks to challenge his present

---

[2] The record before the Court does not identify the date or time that Petitioner's counsel submitted the pleading to the Clerk of Court to initiate this action.

physical custody within the United States," the petitioner generally "should name his warden as respondent and file the petition in the district of confinement." *Padilla*, 542 U.S. 426, 447 (2004). The "immediate custodian rule," which states "that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official," is the "default rule" for "core challenges"—i.e., challenges to "present physical confinement." *Id.* at 435 (internal quotation marks omitted). This respondent-custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court." *Id.* (quoting 28 U.S.C. §§ 2242, 2243).

Citing *Padilla*, Respondents first assert that if Petitioner "was not confined within the territorial district of the Western District of Oklahoma" at the time the Petition was filed, the Court lacks jurisdiction to grant habeas relief under 28 U.S.C. § 2241. Resp'ts' Mot. to Dismiss at 2-3. Petitioner argues that because "Petitioner was not confined in any detention facility at the time of filing" and Respondents have not established Petitioner's precise location at 2:01 p.m. on April 13, 2026, this case is excepted from the immediate-custodian requirement. Pet'r's Resp. at 2-4. Petitioner notes that *Padilla* instructs that "[w]hen . . . a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Padilla*, 542 U.S. at 449 n.18; *see* Pet'r's Resp. at 2-5. Similarly, "when a petitioner's location at the time of filing cannot initially be determined," "the petitioner's attorney must be allowed to file the case in the district of the petitioner's last-known location against the petitioner's ultimate custodian." *Hernandez v. Bondi*, No. 25-cv-01099, 2025 WL 3674627, at *1

(D.N.M. Dec. 16, 2025) (citing *Suri v. Trump*, No. 25-1560, 2025 WL 1806692, at *4-6 (4th Cir. July 1, 2025)).

As there is no indication in this matter that Petitioner's counsel knew that Petitioner had been booked out of CCF for transfer on the date the Petition was filed, the Court concurs with Petitioner. "Respondents' position, the practical effect of which is 'that for some unspecified period of time after detention—seemingly however long the government chooses to take in transporting a detainee between . . . facilities—a detainee would be unable to file a habeas petition at all, anywhere[,]' is troubling and has been rejected." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 393 (D.N.J. 2025) (quoting *Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025)); *accord Khalil v. Joyce*, 777 F. Supp. 3d 369, 410 (D.N.J. 2025) ("Our tradition is that there is no gap in the fabric of habeas—no place, no moment, where a person held in custody in the United States cannot call on a court to hear his case and decide it.").

Respondents relatedly argue that the proper respondent is the warden of KCIPC but that the Court lacks jurisdiction over that individual as required to effectuate habeas relief. *See* Resp'ts' Mot. to Dismiss at 3-4; Resp'ts' Reply at 1-2. The Petition identifies as respondents, in addition to the CCF warden: Markwayne Mullin, Secretary of U.S. Department of Homeland Security; Todd Blanche, U.S. Attorney General; and Robert Cerna, ICE Dallas Field Office Director of Enforcement and Removal Operations. *See* Pet. ¶¶ 18, 20, 22-23; *see also* Fed. R. Civ. P. 25(d), 81(a)(4). When the petitioner's location and immediate custodian are unknown, "the naming of a more remote custodian—such as the Secretary of Homeland Security—satisfies the statutory requirements." *Munoz-*

*Saucedo*, 789 F. Supp. 3d at 392 (alteration and internal quotation marks omitted); *see also Hernandez*, 2025 WL 3674627, at *1; *cf. Padilla*, 542 U.S. at 435 n.8 (declining to resolve "whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation"); 28 U.S.C. § 2242 (requiring a habeas corpus petition to allege the name of the custodian "if known"). And this Court found in another § 2241 proceeding that ICE Dallas Field Office Director Cerna, at least, "is within the jurisdiction of the Court due to his supervision of ICE activities in Oklahoma." *Lopez Vasquez v. Cerna*, No. CIV-26-147-G, 2026 WL 2925330, at *3 (W.D. Okla. Sept. 29, 2026); *see also Kaliku v. U.S. Immigr. & Customs Enf't*, No. 24-3144, 2024 WL 4854523, at *2 (D. Kan. Nov. 21, 2024) (noting that "the United States Attorney," "ICE," and the ICE field office director "are responsible for complying with [the] Court's directives"). The Court therefore rejects the request for dismissal or transfer on this basis.

CONCLUSION

For the foregoing reasons, Respondents' Motion to Dismiss (Doc. No. 8) is DENIED.

IT IS ORDERED that Respondents shall file an answer to the Petition (Doc. No. 1) within seven (7) days of the date of this Order. *See* Order of May 18, 2026 (Doc. No. 5).

IT IS SO ORDERED this 23rd day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge